**UNITED STATES DISTRICT COURT**
**DISTRICT OF VERMONT**

JEFFREY LAMOTHE,

                              Plaintiff,

              v.                                      5:22-CV-161
                                                      (TJM/CFH)
COLLEEN BROWN,

                              Defendant.

---

JEFFREY LAMOTHE,

                              Plaintiff,

v.                                                    5:22-CV-162
                                                      (TJM/CFH)
BANKRUPTCY COURT, et al.,

                              Defendants.

---

JEFFREY LAMOTHE,

                              Plaintiff,

v.                                                    5:22-CV-163
                                                      (TJM/CFH)
BANKRUPTCY COURT, et al.,

                              Defendants.

---

JEFFREY LAMOTHE,

                              Plaintiff,

v.                                                    5:22-CV-164
                                                      (TJM/CFH)
HEATHER COOPER, et al.,

                              Defendants.

**APPEARANCES:**

Jeffrey Lamothe
17 Potter Ave., Apt. B
Granville, New York 12832
Plaintiff pro se

**CHRISTIAN F. HUMMEL**
**U.S. MAGISTRATE JUDGE**

### REPORT-RECOMMENDATION & ORDER

Plaintiff pro se Jeffrey Lamothe commenced 5:22-CV-161, LaMothe v. Brown, on August 31, 2022, with the filing of an application for leave to proceed in forma pauperis ("IFP") (Dkt. No. 1-1), complaint (Dkt. No. 1-2) ("Complaint"), and a "Motion for Settlement" (Dkt. No. 3).[1]  On September 4, 2022, the U.S. District Court for the District of Vermont disqualified itself pursuant to 28 U.S.C. § 445(a) and directed the case be reassigned to a U.S. District Judge in the Northern District of New York.  On September 16, 2022, the case was reassigned to Senior U.S. District Judge McAvoy and the undersigned.  On September 27, 2022, plaintiff filed a document titled, "Alterations Lost's [sic], Cost's [sic], Damage's [sic] Foregoing Motion."  Dkt. No. 6.  On October 4, 2022, plaintiff filed document titled, "Motion for Summary Judgment."  Dkt. No. 7.  Presently before the Court for review is plaintiff's in forma pauperis application and review of his complaint pursuant to 28 U.S.C. §1915.

### I. In Forma Pauperis

---

[1]  Plaintiff commenced three other actions on the same day.  These are discussed, infra, in section II A.

After reviewing plaintiff's IFP application,[2] Dkt. Nos. 1, 1-1, the Court concludes that plaintiff financially qualifies to proceed IFP for purposes of filing.[3]

## II.  **Initial Review**[4]

### A.  **Consolidation**

"Rule 42(a) of the Federal Rules of Civil Procedure provides for the consolidation of actions pending before the court which involve "a common question of law or fact." FED. R. CIV. P. 42(a)(2). As the Second Circuit has recognized, "[t]he trial court has broad discretion to determine whether consolidation is appropriate," Johnson v. Celotex Corp., 899 F.2d 1281, 1284-85 (2d Cir. 1990), and may consolidate actions sua sponte. Devlin v. Transportation Commc'ns Intern. Union, 175 F.3d 121, 130 (2d Cir. 1999).

Boyde v. Uzunoff, No. 9:21-CV-0741 (TJM/ATB), 2021 WL 3185472, at *1 (N.D.N.Y. July 28, 2021).

Here, in addition to the instant case, 5:22-CV-161, Lamothe v. Brown, plaintiff commenced three other actions on the same day: 5:22-CV-162 (TJM/CFH), Lamothe v. Bankruptcy Court, et al. (filed Aug. 31, 2022); 5:22-CV-163 (TJM/CFH); Lamothe v. Bankruptcy Court, et al. (filed Aug. 31, 2022); 5:22-CV-164 (TJM/CFH), Lamothe v. Cooper, et al. (filed Aug. 31, 2022).[5]  The Court has reviewed the complaints in each of

---

[2]  Although plaintiff commenced four actions, which the undersigned recommends be consolidated, the undersigned is explicitly addressing the IFP application submitted in the first-filed action as the information submitted with each case's IFP application is essentially identical.

[3]  Plaintiff is advised that in forma pauperis status does not cover any costs and fees that may be associated with this matter, including, but not limited to, any copying fees that may be incurred.

[4]  Plaintiff has also filed four other cases.  At least three of the four cases appear to be related to the instant case.  Those cases, all filed in the U.S. District Court for the District of Vermont and reassigned to this Court, are 5:22-CV-162, Lamothe v. Bankruptcy Court, et al. (filed Aug. 31, 2022); 5:22-CV-163, Lamothe v. Bankruptcy Court, et al. (filed Aug. 31, 2022); 22-CV-164, Lamothe v. Cooper, et al. (filed Aug. 31, 2022); and 2:22-CV-220, LaMothe v. Federal Court Clerk (filed Dec. 7, 2022).

[5]  On December 7, 2022, plaintiff commenced a fourth action in the District of Vermont, Lamothe v. Federal Court Clerk, 2:22-CV-220 (TJM/CFH), which was also reassigned to Judge McAvoy and the undersigned. Review of this filing, although very sparse, leads the Court to determine at this time that this action appears distinct enough to proceed with a separate review.  Thus, the § 1915 review of Lamothe v. Federal Court Clerk, 2:22-CV-220 (TJM/CFH) (filed Dec. 7, 2022), will occur in a separate, future order.

these actions and determines that "common questions of law and fact exist in these cases." Boyde, 2021 WL 3185472, at *1. Although commenced separately, these cases are essentially identical. Plaintiff appears to name the same defendants, and to the extent it can be determined, the cases arise out of the same facts and circumstances and raise the same claims in each of these four actions. Indeed, an identical photocopy of the complaint has been filed in each separate action. See 5:22-CV-161, Dkt. No. 1-2 at 8-20; 5:22-CV-162 Dkt. No. 1-1 at 2-13; 5:22-CV-163 (TJM/CFH), Dkt. No. 1-1 at 6-17; 5:22-CV-164 (TJM/CFH), Dkt. No. 1-1 at 9-20. Further, with the exception of one extra document filed in 5:22-CV-164, plaintiff includes the same documents to each of the complaints in the different actions. See id.[6]

Accordingly, it is recommended that these four actions be consolidated, with 5:22-CV-161, Lamothe v. Brown as the lead case and 5:22-CV-162, 5:22-CV-163, and 5:22-CV-164 as member cases.

## B. **Complaint**[7]

---

[6] The complaint in each action is identical, including identical copies of service-related documents and invoices, and a "motion" that appears to set forth plaintiff's monetary demands. The only real difference between these actions is that some of the documents are filed in a different order. One exception to the identical nature of these four actions is that, unlike in the other three actions, in 5:22-CV-164, Dkt. No. 1-1 at 5, there is a document that is not included in the other actions. This an Order, dated May 25, 2022, from the U.S. Bankruptcy Court, District of Vermont, signed by U.S. Bankruptcy Judge Heather Z. Cooper, denying a "sixth post-closing motion" and advising plaintiff that "[a]ny further post-closing filings which fail to demonstrate cause or meet the requirements to reopen this case or support any other relief that is available will be considered an abuse of process and the Court will consider the imposition of sanctions." Id.

[7] This Court's citation to the pages of plaintiff's complaint is to the pagination generated by CM/ECF, the Court's electronic filing system, located at the header of each page, and not to plaintiff's individual pagination of the document.

At the top of each page of form complaint,[8] plaintiff writes "Civil-Criminal."  See generally Dkt. No. 1-2.  In the portion of the form complaint asking plaintiff to demonstrate the basis for this Court's jurisdiction and whether he seeks to proceed before the Court on federal question jurisdiction or diversity of citizenship, plaintiff writes, "Don't Know Yet!!"  Dkt. No. 1-2 at 2.  Following the form complaint is a hand-written document, the top of which states, "Civil, Criminal."  Dkt. No. 1-2 at 5.  The heading of the page further states, "Lawsuites [sic] (Contempt of Court) (Breech [sic] of Contracts)", "Alteration Four, Lawsuites [sic] Docket # 098-10014" Dkt. No. 1-2 at 5.  Plaintiff further states "Federal Court 11 Elmwood Ave, Burlington VT 05641 Filed January 09, 2009 Re; Malpractice (Contempt of Court) (Breech [sic] of Court.").  Id.  Following this information, written as a title, is the word "Motion."  Id.

On the second page of the handwritten portion of the complaint, plaintiff lists the defendants as "(1) Bankruptcy Court 151 West Street Rutland, VT 05701[;] (2) Bankruptcy Court 59-67 Merchant Row Rutland, VT 05701[;] (3) Bankruptcy Court 11 Elmwood Ave Burlington, VT[;] (4) United States Trustee ?; (6) Vermont Attorney General 109 State Street Montpelier, VT 05609-100.  Dkt. No. 1-2 at 6.  Page three of the complaint contains a "certificate of service" wherein plaintiff "certifies" having "delivered the attached to all other parties to this case."  Id. at 7.  Page four of the lists the names of the defendants again.  Id. at 8.  Page five has a heading that states "Bankruptcy Lawsuite [sic] file 01-09-09 Docket 09-10014 United States Bankruptcy Court of Vermont Malpractice."  Id. at 9.  Under this heading, it reads "Alteration One presented years ago!! Alteration two presented years ago!! Alteration three as fallows

---

[8]   As the complaints in each action are essentially identical, for ease of reference and judicial efficiency, the Court will cite only to the complaint filed in 5:22-CV-161, Dkt. No. 1-2.

[sic]!!"  Id.   It thereafter lists plaintiff's name, address, and "pro se"; "defendants; 4 of 6";

the "Cohen & Rice Law Firm at 161 West Rutland, VT 05701 and 26 West Street,

Rutland, VT 05701."  Id.   The sixth page again contains a heading that states

"Bankruptcy Lawsuite [sic] Filed 01-09-2009, Docket 09-10014," "Alterations,"

"Malpractice", "Bankruptcy Court Washington County Federal Division Bankruptcy 09-

1001."  Id.  It also appears to list a caption of "Plaintiff Jeffrey P. Lamothe Pro-se V.

Defendant's [sic] Cohen & Rice Law Firm Rebecca Rice 4 of 6."  Id.  Under this

"caption" states "Complaint Re: Malpractice."  Id.   This "complaint" states the following:

> (1) Not only what they didn't do wright [sic] is what they did wrong!! (2)
> What happened to my (A) Land, (B) Buildings? (3) What happened to my
> monthly rental incomes? (4) What happened to my four hundred thousand
> equity? (5) What happened to my Tax Wright [sic] Off's [sic] & Credits? (6)
> Why have I been denied multiple attempts of credit since two thousand an
> [sic] nine as well as the most recent of September Two Thousand an [sic]
> Twenty-One? (7) Why I'am [sic] I getting bribed, blackmailed an [sic]
> provoked.

Id. at 10.

The same "caption" tops the seventh page with a heading that states, "Addition to

the Complaint":

> (9) More ways to pay for Mortgages, do [sic] to signs of malpractice then
> anyone in the country (10) Placing docket 707-0-10 as a foreclosure
> during the process of Bankruptcy aswell [sic] as fallowing [sic] through as
> a wrongfull [sic] eviction in December of Two Thousand and Thirteen (11)
> placing Docket 496-6-10 after a bankruptcy had been filed, on January
> Nineth of Two Thousand an [sic] nine (1) Adding more debt to credit report
> after bankruptcy had been filed

Id. at 11.  The same "caption" tops the eighth page with a heading that states, "Addition

to the Complaint":

> (14) No escrow account for accounts receivable or debt from my rental
> properties (15) allowing outsiders to invade, approach aswell [sic] as
> falsify information, (16) (Timely Manner), (Timely Manner), (Timely

Manner) (17) Having [sic] a lawfirm [sic] without a cerifide [sic] accountant (18) Releaseing [sic] assets, to other than myself (19) haveing [sic] two, three possibly four differant [sic] female bankruptcy judges throughout the seven years; (20) clerks avoiding all attempts of due process, (21) changeing [sic] chapters as well as false findings in the process of bankruptcy throughout the seven

Id. at 12.

On the eighth page also states, "Addition to the Complaint":

(23)[9] Timely manner, timely manner, timely manner. (24) Loss of monies up to one hundred thousand in renovations alone, of my own monies. (25) after wrongfull [sic] eviction in December two thousand and thirteen of thee [sic] Rutland Sheriffs Department Asver [sic] as Vermont State Police Department, thee [sic] house in Procter Vermont had been ransacked aswell [sic] as everthing [sic] taken from thee [sic] inside aswell [sic] as garage (26) possibly forgery, most times when malpractice accures [sic] (27) possibly cover up, when malpractice accures [sic]

Id. at 13.

On the ninth page of the hand-written complaint, the same "caption" tops the page with a heading that states, "Addition to the Complaint":

(30)[10] Didn't fallow [sic] protocol of an accountant of bankruptcy to file yearly taxes since 2009 (31) Refused all services of protocol aswell [sic] as my many attempts to address many wrongdoings (32) numerous attempts from myself to lawyers, courts, court clerks, attorney generals, cities, supreme court of appeals, Supreme Court aswell [sic] as three Superior Courts (33) No mortgage or combined mortgage has been placed or enforced between thee [sic] first an [sic] seventh year.

Id. at 14.

On the tenth page of the hand-written complaint, the same "caption" tops the page with a heading that states, "Addition to Complaints":

(35) Protocol, Protocol, Protocol, (36) Hasn't anybody listened to thee [sic] Court recording's [sic] (37) Read paper trail already presented (handwritten) myself (38) Listen to Court recording, in my presents [sic] as David Edwards, lawyer for GMAC Mortgage, what had been stated as

---

[9]  There is no number 22 on this page or the prior page.
[10]  There is no number 28 or 29 on this page or the prior page.

> false information (39) Contempt of Court aswell [sic] as breech [sic] of
> contract has been practice in all matters of court proceeds [sic] (40) Loss
> of personel [sic] items, aswell [sic] as tools needed for multyple [sic]
> industries for myself to make money

Id. at 15.

On the eleventh page of the hand-written complaint, the same "caption" tops the

page with a heading that states, "Addition to Complaints":

> (43)[11] Do you know what courtroom this is? (44) Do you know what I can
> do with four hundred thousand dallars [sic] just in equity? (45) Do you
> know what I can do with four thousand dallars [sic] a month rental
> income? (46) Actions prove I've been fileing [sic] lawsuites [sic] to a deaf,
> dumb, and blind bar association, judicial bureau licensing board, police
> departments, clerks, judges (47) Withholding evidence in all thirteen
> courtrooms, will force myself no option to place lawsuites [sic] at state

Id. at 16.

On the twelfth page of the hand-written complaint, the same "caption" tops the

page with a heading that states, "Addition to Complaints":

> (49[12]) Wrongfull [sic] eviction multiple times in the mid winter months of
> places I've owned aswell [sic] as places I've rented! (50) Probate Court of
> my mother Mary Elizabeth Lamothe House Docket #312-5-19, on
> Nineteen Jasmin Lane had been mishandled! (51) Loss of Drivers license
> for five years as of not a moveing [sic] violation, as I use my vehicle for
> floor installations (51) Contempt of court aswell [sic] as breech of
> contracts.

Id. at 17.

On the thirteenth page of the hand-written complaint, the same "caption" tops the

page with a heading that states, "Addition to Complaints":

> (54)[13] withholding evidence, stolen identity, birth certificate had been
> stolen, do [sic] to wrongfull [sic] evictions aswell [sic] as most of personal
> information an [sic] court documents (55) waisted [sic] many hours of
> travel time as well as time spent an [sic] preparations of dozen of court

---

[11]   There are no numbers 41 or 42 on this page or the prior page.
[12]   There is no number 48 on this page or the prior page.
[13]   There are no numbers 51, 52, or 53 on this page or the prior page.

> handwritten documents of a plaintiff in lawsuites [sic] (56) houses
> ransacked, broken into, stolen paper trail (57) lost living expenses, loss of
> wages, loss rental income, taxes not being filed, damages contents of

Id. at 18.

On the fourteenth page of the hand-written complaint, the same "caption" tops

the page with a heading that states, "Addition to Complaints":

> (58) Racketeering, corruption, conspiracy, human traffick [sic], money
> loitering [sic], forgery, false paper trail, incorrect headings, debtors, dates,
> tapeing [sic] recordings, video (59) Certified letters with return signature,
> up to sixty of them, with no response besides of just a signed green
> receipts. (60) Had twice as much monies invested in my houses then the
> finace [sic] company had (61) federal accounts of my crimal [sic] record
> (wrongfully) (62) wrongfull arrest warants [sic] asfore [sic] public defender
> doings

Id. at 19.

The fifteenth page[14] of the handwritten complaint list the same "caption" but state

"Motion" and "Malpractice"

> Alteration one, which has presented years ago Five Million[;] Alteration
> two, which was presented years ago Six Million[;] Alteration Three, which
> is presented at this date of Seven Million.  The total which is eighteen
> million to be granted to myself Jeffrey Peter Lamothe, no later than twenty
> days of this motion of presented date, as losts [sic] and costs an [sic]
> damages all at foregoing!!

Id. at 20.

Plaintiff's complaint, on a page that contains the same "caption" with a title that

states, "Motion," appears to set forth his demand for relief:

> Alteration four of eight million dollars, which brings the total of twenty-six
> million dollars, to be granted to myself Jeffrey Peter Lamothe [omitted] no
> later than twenty day's [sic], asfore [sic] this case #09-10014 has been in
> process since two thousand an [sic] nine, all at lost, costs, damages, all
> foregoing.  Settlement of thee [sic] above will stop all foregoing lost, cost's

---

[14]  The fifteenth and sixteenth pages of the hand-written complaint are identical.  See Dkt. No. 1-2 at 20-21.

[sic], damages aswell [sic] as further alterations, an [sic] criminal charges!!"

Id. at 21.  In a "conclusion," plaintiff states that he "will settle for four million dollars aswell [sic] as paying off Bershire [sic] Bank Credit Card Account [Omitted], no later than ten day's [sic] of this fourth alteration (after this date motion stands [illegible])."  Id.

Attached to the complaint are copies of invoices from the Rutland County Sheriff's Department that appear to show that plaintiff used the Sheriff's Department for service of plaintiff's complaint on defendants.  See Dkt. No. 1-2 at 26-33.

## C.  **Section 1915 Review**

### 1.  **Legal Standards**

Section 1915(e)[15] of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that  . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  It is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to proceed with his action.  Where the plaintiff is proceeding pro se, the court must consider the claims "liberally" and "interpret them 'to raise the strongest arguments that they suggest.'"  Cold Stone Creamery, Inc. v. Gorman, 361 F. App'x 282, 286 (2d Cir.

---

[15] The language of section 1915 suggests an intent to limit availability of IFP status to prison inmates. See 28 U.S.C. § 1915(a)(1) (authorizing the commencement of an action without prepayment of fees "by a person who submits an affidavit that includes a statement of all assets such prisoner possesses"). However, courts have construed that section as making IFP status available to any litigant who can meet the governing financial criteria. See, e.g., Fridman v. City of N.Y., 195 F. Supp. 2d 534, 536 n.1 (S.D.N.Y. 2002).  Accordingly, a financial assessment and, if determined to be financially qualified, an initial review of the complaint pursuant to section 1915 is required of all plaintiffs who seek to proceed IFP, regardless of their incarceration status.

2010) (summary order) (quoting <u>Brownell v. Krom</u>, 446 F.3d 305, 310 (2d Cir. 2006)).  It is well-established that "[p]ro se submissions are reviewed with special solicitude, and 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'" <u>Matheson v. Deutsche Bank Nat'l Tr. Co.</u>, 706 F.Appx. 24, 26 (2d Cir. 2017) (summary order) (quoting <u>Triestman v. Fed. Bureau of Prisons</u>, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam); <u>Sealed Plaintiff v. Sealed Defendant</u>, 537 F.3d 185, 191 (2d Cir. 2008) (Where the plaintiff proceeds pro se, a court is "obliged to construe his pleadings liberally.") (quoting <u>McEachin v. McGuinnis</u>, 357 F.3d 197, 200 (2d Cir. 2004)). However, this approach "does not exempt a [pro se litigant] from compliance with relevant rules of procedural and substantive law." <u>Traguth v. Zuck</u>, 710 F.2d 90, 95 (2d Cir. 1983).  "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." <u>Iqbal</u>, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>Hernandez v. Coughlin</u>, 18 F.3d 133, 136 (2d Cir. 1994).  The Court may not "invent factual allegations that [the plaintiff] has not pled." <u>Chavis v. Chappius</u>, 618 F.3d 162, 170 (2d Cir. 2010) .

"The [Second Circuit]'s 'special solicitude' for pro se pleadings, <u>Ruotolo v. IRS</u>, 28 F.3d 6, 8 (2d Cir. 1994), has its limits, because pro se pleadings still must comply with Rule 8(a) of the Federal Rules of Civil Procedure." <u>Kastner v. Tri State Eye</u>, No. 19-CV-10668 (CM), 2019 WL 6841952, at *2 (S.D.N.Y. Dec. 13, 2019).[16]  Pleading guidelines are set forth in the Federal Rules of Civil Procedure.  Specifically, Rule 8 provides that a pleading which sets forth a claim for relief shall contain, inter alia, "a

---

[16]  Unless otherwise noted, copies of all unpublished cases cited within this Report-Recommendation & Order have been provided to plaintiff.

short and plain statement of the claim showing that the pleader is entitled to relief." See

FED. R. CIV. P. 8(a)(2).  "The purpose . . . is to give fair notice of the claim being

asserted so as to permit the adverse party the opportunity to file a responsive answer,

prepare an adequate defense and determine whether the doctrine of res judicata is

applicable."  Flores v. Graphtex, 189 F.R.D. 54, 54 (N.D.N.Y. 1999) (internal quotation

marks and citations omitted).  Rule 8 also requires the pleading to include:

> (1) a short and plain statement of the grounds for the court's jurisdiction . . . ;

> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and

> (3) a demand for the relief sought . . . .

FED. R. CIV. P. 8(a).  Although "[n]o technical form is required," the Federal Rules make

clear that each allegation contained in the pleading "must be simple, concise, and

direct."  Id. at 8(d).

Further, Rule 10 of the Federal Rules provides:

> [a] party must state its claims or defenses in numbered paragraphs, each
> limited as far as practicable to a single set of circumstances.  A later
> pleading may refer by number to a paragraph in an earlier pleading.  If
> doing so would promote clarity, each claim founded on a separate
> transaction or occurrence – and each defense other than a denial – must
> be stated in a separate count or defense.

FED. R. CIV. P. 10(b).  This serves the purpose of "provid[ing] an easy mode of

identification for referring to a particular paragraph in a prior pleading[.]"  Flores, 189

F.R.D. at 54 (internal quotation marks and citations omitted).

> "In reviewing a complaint . . . the court must accept the material facts
> alleged in the complaint as true and construe all reasonable inferences in
> the plaintiff's favor." Hernandez v. Coughlin, 18 F.3d 133, 136 (2d Cir.
> 1994) (citation omitted). However, "the tenet that a court must accept as
> true all of the allegations contained in a complaint is inapplicable to legal

conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."

Ashcroft v. Iqbal, 556 U.S. 622, 678 (2009). A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citation omitted).

Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 555). Thus, a pleading that only "tenders naked assertions devoid of further factual enhancement" does not suffice." Id. (internal quotation marks and alterations omitted). Allegations that "are so vague as to fail to give the defendants adequate notice of the claims against them" are subject to dismissal. Sheehy v. Brown, 335 F. App'x 102, 104 (2d Cir. 2009) (summary order). Indeed, a complaint that fails to comply with these pleading requirements "presents far too a heavy burden in terms of defendants' duty to shape a comprehensive defense and provides no meaningful basis for the Court to assess the sufficiency of their claims." Gonzales v. Wing, 167 F.R.D. 352, 355 (N.D.N.Y. 1996). As the Second Circuit has held, "[w]hen a complaint does not comply with the requirement that it be short and plain, the court has the power, on its own initiative . . . to dismiss the complaint." Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988) (citations omitted). However, "[d]ismissal . . . is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." Id. (citations omitted).

## 2. **Analysis**

### a. **Jurisdiction**

Plaintiff fails to demonstrate this Court's jurisdiction.  He does not state which constitutional rights, federal laws, or state laws he believes defendants to have violated. Plaintiff does not explain how all of the named defendants were personally involved in the alleged violations of laws or rights.  There is almost no factual support or context for his complaint, which is presented as a disjointed stream of consciousness.  Further, it is not fully clear who he intends to name as defendants in this action as he names Judge Colleen Brown in the case caption, and Colleen Brown and "Bankruptcy Court" as defendants in the form complaint, but later lists bankruptcy courts at four different addresses in Vermont, the "United States Trustee," Cohen & Rice Law Firm, and the "Vermont Attorney General."  Dkt. No. 1-2 at 6.

Federal jurisdiction is only available when (1) a "federal question" is presented, or (2) the plaintiff and all of the defendants are of diverse citizenship and the amount in controversy exceeds $ 75,000.  See 28 U.S.C. §§ 1331, 1332.   To invoke federal question jurisdiction, the plaintiff's claims must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "Federal question jurisdiction may properly be invoked only if the plaintiff's complaint necessarily draws into question the interpretation or application of federal law."  New York v. White, 528 F.2d 336, 338 (2d Cir. 1975). When a court lacks subject matter jurisdiction, dismissal is mandatory.  See Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006). Therefore, although courts "construe a pro se litigant's complaint liberally, a plaintiff attempting to bring a case in federal court must still comply with the relevant rules of procedural and substantive law, including

establishing that the court has subject matter jurisdiction over the action." Ally v. Sukkar, 128 F. App'x 194, 195 (2d Cir. 2005) (summary order) (internal citation omitted).

As it appears all named defendants reside in Vermont, plaintiff is a resident of New York State, and plaintiff alleges that the amount in controversy is greater than $75,000, he would be able to proceed under this Court's diversity jurisdiction.  The only claims plaintiff explicitly identifies is legal malpractice and breach of contract, which would be assessed under state law.  As will be discussed below, the application of special solicitude reveals to the undersigned that plaintiff may also be attempting to raise constitutional claims for violation of his due process rights in connection with an eviction.  Such claims, if properly pleaded in a future complaint and demonstrated to be timely, could also demonstrate the existence of this Court's federal question jurisdiction.

### b. Federal Rules of Civil Procedure 8, 10, and 20

Plaintiff's complaint is violative of Rules 8 and 10 of the Federal Rules of Civil Procedure.  Plaintiff's amended complaint is clearly "a case[] in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988) (citations omitted).  First, plaintiff does not provide any facts to provide context for his complaint.  Plaintiff's complaint does not explain the background and bases of his complaint; the laws he alleges the defendants violated beyond unexplained and largely isolated references to "malpractice, "breech [sic] of contract," "racketeering, "corruption," "conspiracy," "human traffick[ing]," and "money loitering."[17]  Dkt. No. 1-2 at 18.  Further,

---

[17]   It is likely that this is a malapropism and that plaintiff intended to state money laundering.

beyond making these references to common law and criminal laws, plaintiff does not set forth how defendants violated any laws or rights or factual support or context to when the alleged incidents occurred.  Although plaintiff names several defendants but does not explain their involvement in the violation of any laws or constitutional rights, with many defendants never mentioned anywhere in the body of the complaint.  See, e.g., Dkt. No. 1-2 at 6, 14 (naming "attorney generals" and "Vermont Attorney General" in the "caption" or heading, but failing to provide any factual support or explanation of personal involvement).

The lack of factual support, context, or clear statements of the claims and explanations as to how each defendant is personally involved in the alleged violation of each area of law or right asserted renders plaintiff's complaint plainly violative of Rule 8 as the complaint does not "give the defendants adequate notice of the claims against them[.]"  Sheehy, 335 F. App'x at 104.

To the extent plaintiff's complaint implores the Court to perform independent research to ascertain the facts or background of his complaint or of his 2009 bankruptcy case – "Hasn't anybody listened to thee [sic] Court recording's [sic][,]" "Read paper trail already presented (handwritten) myself[,]" " Listen to Court recording[,]") – this neither a feasible demand nor a proper one.  Dkt. No. 1-2 at 15.  Plaintiff has not provided copies of any recordings or "paper trail," nor an explanation of how they apply to any claims he seeks to bring before this Court.  If plaintiff wishes this Court to consider any facts, claims, or documents, such information must be included within the complaint or attached thereto and their relevance sufficiently explained.

16

Plaintiff's complaint, to the extent discernable, also violates Rule 20 of the Fed. R. Civ. P.  Rule 20 provides that a plaintiff may not pursue unrelated claims against multiple defendants."  Kastner, 2019 WL 6841952, at *2 (citing FED. R. CIV. P. 20(a)(2) ("Persons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.") and Peterson v. Regina, 935 F. Supp. 2d 628, 638 (S.D.N.Y. 2013) ("Case law makes clear that [i]n the absence of a connection between Defendants' alleged misconduct, the mere allegation that Plaintiff was injured by all Defendants is not sufficient [by itself] to join unrelated parties as defendants in the same lawsuit pursuant to Rule 20(a).")) (additional citation and quotation marks omitted).  Plaintiff makes passing references to legal malpractice, several criminal claims, an arrest involving the Sheriff's Office, an eviction, bankruptcy proceedings, and breach of contract, among other things.  Although the complaint is currently too vague and confused for the Court to assess whether there is a sufficient connection between any or all of these potential claims, the Court notes that, to the extent plaintiff seeks to bring multiple, unconnected claims against various unrelated defendants, such an approach is prohibited by Rule 20.

### c.  **Legal Malpractice Claims**

To the extent this Court can surmise, it appears that plaintiff may be seeking to bring legal malpractice claims against the lawyers and/or law firm who represented him in a 2009 bankruptcy proceeding, Cohen & Rice Law Firm and/or Rebecca Rice, and against the bankruptcy judge who oversaw that proceeding, Colleen Brown.  See

generally Dkt. No. 1-2.  Under Vermont law, the statute of limitations depends on a "determination of the appropriate limitations period depends upon the nature of the harm for which recovery is sought and not upon the nature of the action brought." Bentley v. Northshore Dev., Inc., 935 F. Supp. 500, 503 (D. Vt. 1996) (citing Kinney v. Goodyear Tire & Rubber Co., 134 Vt. 571, 575 (1976).  For claims for legal malpractice, where only economic damages are alleged, the appropriate statute of limitations is six years.  See, e.g., Bentley, 935 F.  Supp at 503-504.  If plaintiff's representation occurred in 2009, the statute of limitations would have expired for any legal malpractice claim arising out of that representation six years later, in 2015.  See 12 V.S.A. § 511.  As plaintiff commenced this action in 2022, it is untimely.  Although equitable tolling can, in rare instances, toll a statute of limitations, plaintiff provides no support or argument such that the Court may assess whether equitable tolling could potentially apply. Accordingly, it is recommended that, to the extent plaintiff's complaint may be raising a claim for legal malpractice against his former lawyer/law firm, such claim be dismissed without prejudice and with opportunity to amend should plaintiff seek to demonstrate the applicability of equitable tolling such that a claim for legal malpractice would not be time-barred.

Plaintiff also seems to be seeking to bring a claim for legal malpractice against Judge Colleen Brown, the bankruptcy judge presiding over plaintiff's bankruptcy proceedings.  However, as Judge Brown presided over the bankruptcy proceedings as a judicial officer, but did not represent plaintiff as his attorney, he cannot bring a claim against her for legal malpractice.  As will be discussed and assessed below, it is possible that plaintiff intended to raise a claim for judicial misconduct.

d. **Judicial Immunity**

To the extent plaintiff's complaint can be interpreted as attempting to bring a claim for judicial misconduct against Judge Colleen Brown, as is endemic to this entire complaint, plaintiff fails to provide factual context to support or context for such a claim. Despite the complete dearth of facts or context, to the extent plaintiff seeks to allege claims of misconduct against Judge Brown in connection with her role in overseeing, managing, or administration of his bankruptcy case, judicial misconduct claims do not lie for actions that occurred in the judge's role as judge.  Judges have absolute immunity from suits for damages arising out of judicial acts performed in their judicial capacities. See Mireles v. Waco, 502 U.S. 9, 11 (1991).  Absolute judicial immunity "is not overcome by allegations of bad faith or malice," nor can a judge "be deprived of immunity because the action he took was in error  . . . or was in excess of his [or her] authority." Id. at 11, 13 (quotations and citations omitted).  Judicial immunity may only be overcome where the court is alleged to have taken non-judicial actions or if the judicial actions taken were "in the complete absence of all jurisdiction." Id. at 11-12.   It is not clear whether plaintiff is also seeking to raise a misconduct claim against other employees of the bankruptcy court.  See Dkt. No. 1-2 at 12.  However, absolute judicial immunity also extends to court clerks/employees who are performing tasks "which are judicial in nature and an integral part of the judicial process." Rodriguez v. Weprin, 116 F.3d 62, 66 (2d Cir. 1997).

As the Court can discern no such allegation, the judicial immunity applies to bar all claims against Judge Brown in connection with her handling of plaintiff's bankruptcy case as week as to all court clerks who performed judicial tasks.  Although exceptions

to judicial immunity exist only in the narrow circumstance noted above, because plaintiff's complaint is so factually sparse such that the Court cannot say with certainty whether plaintiff is contending that any of Judge Brown's alleged actions were "non-judicial" or done "in the complete absence of all jurisdiction," it is recommended that, to the extent plaintiff's complaint can be read as raising a claim for judicial misconduct against Judge Colleen Brown or unidentified court clerks, such claims be dismissed without prejudice.

### e. **Outcome of Bankruptcy Proceedings**

To the extent plaintiff disagrees with the outcome of his 2009 bankruptcy case or seeks this Court to review the outcome of any of his bankruptcy proceedings, such an attempt is untimely.  Although U.S. District Courts have jurisdiction to hear appeals from, "final judgments, orders, and decrees" and certain interlocutory orders and decrees from the bankruptcy court, 28 U.S.C. § 158(a), "a notice of appeal must be filed with the bankruptcy clerk within 14 days after entry of the judgment, order, or decree being appealed."  FED. R. BANKR. 8002; see In re NXXI Inc., 216 F. Supp. 3d 381, 388 (S.D.N.Y. 2016).  Thus, plaintiff's seeking review of a 2009[18] bankruptcy case by filing new actions in 2022, thirteen years later, is plainly untimely.[19]

---

[18]  Although plaintiff's bankruptcy proceeding was commenced in 2009, it is not entirely clear the date of the entry of judgment.  However, as the Court has an Order from the Bankruptcy Court indicating that plaintiff had submitted a sixth post-closing motion, and that order is dated May 23, 2022, and plaintiff commenced these federal actions in August 31, 2022, even in the highly unlikely (as plaintiff commenced his bankruptcy action in 2009, it would appear unlikely to still be pending in 2022) circumstance that plaintiff's final judgment in his bankruptcy proceeding occurred in May 2022,s because a plaintiff has fourteen days to appeal a judgment, order, or decree of a bankruptcy court, this action would still be untimely.  FED. R. BANKR. 8002.

[19]  The Court observes that 28 U.S.C. § 158(a)(1), grants a district court jurisdiction over appeals of "final judgments, orders, and decrees[,]" "from interlocutory orders and decrees issued under section 1121(d) of title 11 increasing or reducing the time periods referred to in section 1121 of such title[,]" or "with leave o

To the extent plaintiff is attempting another chance at review of the outcome of his bankruptcy proceeding by commencing a separate civil action, such an approach is not permissible.  See, e.g., Zarour v. U.S. Bank, N.A. as a trustee for Truman 2016 SC6 Title Tr., No. 21-CV-2928 ((LTS), 2021 WL 3500921, at *2 (S.D.N.Y. Aug. 9, 2021) ("[T]he proper vehicle for Plaintiff to challenge the Bankruptcy Court's decision to dismiss the petition is Plaintiff's appeal of that decision, not this new civil action.").

In one of the four actions plaintiff filed, plaintiff includes a copy of an Order dated May 24, 2022, from the United States Bankruptcy Court, District of Vermont, signed by U.S. Bankruptcy Judge Heather Z. Cooper.  Therein, the Judge notes that plaintiff commenced a Chamber 13 bankruptcy petition on January 9, 2009, which was converted to a chamber 7 bankruptcy proceeding effective September 21, 2010.  See 5:22-CV-164 ("Lamothe IV"), Dkt. No. 1-1 at 5.  In the motion, the Judge Cooper denies plaintiff's "sixth post-closing motion in this case," holding that plaintiff's motion "fails to demonstrate cause or meet the requirements to re-open the Debtor's case under 11 U.S.C. § 350(b) or support any other relief that is available or warranted based upon the record of this closed case" and advised plaintiff that "[an]y further post-closing filings which fail to demonstrate cause or meet the requirements to reopen this case or support any other relief that is available will be considered an abuse of process and the Court will consider the imposition of sanctions."  Id.

In sum, to the extent plaintiff is attempting to appeal the outcome of his bankruptcy proceeding or otherwise seek review of the decision, because this Court does not have jurisdiction over that claim, it is recommended that such claim be

---

the court, from other interlocutory orders and decrees[.]"  Plaintiff does not state whether he is purporting to seek "appellate" review over a final judgment, order, or decree from the bankruptcy court

dismissed without prejudice, but without opportunity to amend.  See Katz v. Donna Karan Co., L.L.C., 872 F.3d 114, 116 (2d Cir. 2017) ("[A] complaint must be dismissed without prejudice where the dismissal is due to the court's lack of subject matter jurisdiction[.]"); see also Amore Love, No. 1:21-CV-64 (DNH/ATB), 2021 WL 256945, at *6, n.15 (N.D.N.Y. Jan. 26, 2021) (citations omitted) ("Because this court is recommending dismissal for lack of subject matter jurisdiction, the court is constrained to recommend dismissal 'without prejudice,' although it is unlikely that this petitioner will be able to bring such an action in any court in the country, state or federal.  However, the court is recommending that petitioner be denied the opportunity to amend because it is clear that any amendment would be futile.").

Plaintiff also makes several references to "contempt of court" but does not explain.  To the extent that plaintiff is seeking that this Court hold any defendant in contempt of court, as no defendant has been properly served nor has appeared in this action, it is not possible for any defendant to have been in contempt of this Court's orders.  Further, this Court does not have the authority to hold a defendant in contempt of any other court's orders.  Accordingly, this claim is dismissed with prejudice.

### f. **Due Process**

Plaintiff, without providing any contextual support, makes a passing reference to due process.  See Dkt. No. 1-2 at 12 ("clerks avoiding all attempts of due process").  This bare statement is insufficient to raise a due process violation.  First, his statement of "clerks" does not identify the persons against whom he seeks to bring them claim and he provides no facts or support for how his due process rights were violated.

Even if plaintiff seeks to bring a claim for violation of his due process rights under section 1983, in addition to failing to provide any factual context for this claim, to the extent plaintiff's potential due process claim arises out of his 2009 bankruptcy proceeding, he fails to demonstrate why such a claim would not be barred by the statute of limitations.  In § 1983 actions, the applicable statute of limitations is a state's "general or residual statute for personal injury actions."  Pearl v. City of Long Beach, 296 F.3d 76, 79 (2d Cir. 2002).  The statute of limitations for claims brought pursuant to § 1983 is determined by state law, and in the State of Vermont, the statute of limitations for actions brought pursuant to § 1983 is three years.  See Tester v. Pallito, No. 2:19-CV-146-CR-JMC, 2020 WL 2813607, at *3 (D. Vt. Mar. 9, 2020), report and recommendation adopted, No. 2:19-CV-146, 2020 WL 2793164 (D. Vt. May 29, 2020); Owens v. Okure, 488 U.S. 235, 249-51 (1989) (holding that the most appropriate statute of limitations in a § 1983 action is found in the "general or residual [state] statute [of limitations] for personal injury actions"); Wallace v. Kato, 549 U.S. 384, 387 (2007). ""While state law supplies the statute of limitations for claims under § 1983, federal law determines when a federal claim accrues. The claim accrues when the plaintiff knows or has reason to know of the harm." Connolly v. McCall, 254 F.3d 36, 41 (2d Cir. 2001) (quoting Eagleston v. Guido, 41 F.3d 865, 871 (2d Cir.1994)).  On rare occasions, the principle of equitable tolling may prolong the allowable time for filing a complaint under § 1983.  See Walker v. Jastremski, 430 F.3d 560, 564 (2d Cir. 2005) (citing Doe v. Menefee, 391 F.3d 147, 159 (2d Cir. 2004)).  To obtain the benefit of equitable tolling, a plaintiff must demonstrate that "extraordinary circumstances prevented [him] from timely performing a required act" and that he "acted with reasonable diligence throughout the

period he [sought] to toll." Id. Alternatively, the statute of limitations may be tolled if "the person entitled to commence an action is under disability because of infancy or insanity at the time the cause of action accrues." N.Y. C.P.L.R. § 208.

### g. Eviction

### i. Wrongful Eviction

Plaintiff makes references to a wrongful eviction and an unlawful warrant in December 2013. Dkt. No. 1-2 at 13, 18, 20 ("wrongfull [sic] arrest warants [sic].").   As indicated, there is not any factual context for these statements.  Although it is not clear whether the "warrant" to which he refers is a warrant of eviction or an arrest warrant, contextual clues in the complaint appear to suggest that plaintiff is referring to an unlawful warrant of eviction, rather than a criminal arrest warrant.  It is not clear whether plaintiff is contending he was evicted from a home he owned, home he rented, or whether he was evicted from public housing.  If he were evicted from public housing, he may be "entitled to certain due process of law before he can be deprived of continued tenancy."  Oliver v. City of New York, No. 11-CV-1075 (ARR), 2011 WL 157844, at *3 (citing Escalera v. New York City Housing Authority, 425 F.2d 853, 861 (2d Cir.1970) ("The government cannot deprive a private citizen of his continued tenancy, without affording him adequate procedural safeguards even if public housing could be deemed to be a privilege."); Board of Regents v. Roth, 408 U.S. 564, 577 (1972) (procedural due process protects property rights created by state law).

It cannot be determined from the complaint whether plaintiff is attempting to argue that the warrant of eviction was somehow defective or if he is arguing that the

24

execution of the eviction was somehow unlawful.  It is further unclear whether the issue of eviction was addressed as part of his bankruptcy proceedings and against whom he is attempting to levy any potential wrongful eviction claim.  Moreover, it is not exactly clear when the eviction occurred such that the Court may consider whether it is timely pursuant to the statute of limitations.  As the Court does not have sufficient factual information or contextual support to properly assess whether plaintiff is claiming that an eviction violated his constitutional rights, it is recommended that any wrongful eviction claim brought under Vermont law be dismissed without prejudice such that plaintiff has an opportunity to amend to cure these defects.

ii.  **Property Damage/Loss**

Plaintiff states that a house was "ransacked" and "everthing [sic] taken from thee [sic] inside aswell [sic] as garage" by the Rutland Sherriff's Department and Vermont State Police Department in connection with an eviction.  Dkt. No. 1-2 at 13.  It is arguable that plaintiff is seeking to raise a claim for excessive or unreasonable property damage in violation of the Fourth Amendment.  Plaintiff may also be suggesting that some of his property was taken in association with the eviction.  See id. at 13, 18-19. The Supreme Court of the United States has held that the Fourth Amendment protects possessory interests in property, even where there has not been a "search" within the meaning of the Fourth Amendment.  See Soldal v. Cook Cnty., Ill., 506 U.S. 56 (1992). However, such property damage or loss must be excessive and/or unreasonable to rise to the level of a constitutional claim. Courts have generally held that any property destruction that is not reasonably necessary for the performance of a law enforcement

25

officer's duties constitutes an unreasonable seizure under the Fourth Amendment.  See, e.g., 98 A.L.R. 5thh 305, Destruction of Property as Violation of Fourth Amendment (2002).

As a threshold issue, any Fourth Amendment claim plaintiff may have in connection with a 2013 eviction is likely barred by the statute of this limitation. If this incident occurred in 2013, the statute of limitation would have expired three years later, in 2016.  See Tester, 2020 WL 2813607, at *3.  Thus, plaintiff may only be able to proceed on such a claim if he demonstrates that tolling applies.  In addition to the statute of limitations concern, this claim must fail as it currently stands because there simply is not any factual support or context such that the Court would be able to assess against which defendants the claims were made, the property plaintiff alleges to have been damaged or destroyed by the Sheriff's Department in connection with the eviction and why such damage is excessive or unnecessary.  Similarly, to the extent plaintiff claims the Sherriff's Department unnecessarily seized his property in connection with the execution of an eviction warrant, plaintiff must provide sufficient detail in connection with such a claim.

Finally, if plaintiff can overcome the defects noted above, plaintiff would only be able to proceed against a municipal defendant, such as the Sheriff's Office, under a Monell claim.  See Monell v. Dep't of Soc. Servs. of the City of New York, 436 U.S. 658, 665-83, 691 (1978)Although plaintiff does not name the Sheriff's Office as a defendant either in the caption of the complaint or in any of the lists of defendants within the complaint, applying special solicitude, should plaintiff wish to proceed against the Rutland County Sheriff's Office, because such an entity is a municipality, to proceed for

violation of any constitutional rights in association with an eviction, plaintiff would need to plead that there existed a specific policy or custom that lead to the violation of his constitutional rights. See Monell v, 436 U.S. at 665-83, 69; see also Rudavsky v. City of S. Burlington, No. 2:18-CV-25, 2018 WL 4639096, at *2 (D. Vt. Sept. 27, 2018) ("Plaintiffs who seek to impose liability on local governments under Section 1983 must prove that the individuals who violated their federal rights took "action pursuant to official municipal policy.  Official municipal policy includes not only the decisions of a government's lawmakers, but also the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law . . . . These are action[s] for which the municipality is actually responsible.") (internal citations and quotation marks omitted).

Accordingly, in light of special solicitude, it is recommended that any potential Fourth Amendment claim for excessive property damage or destruction be dismissed without prejudice and with opportunity to amend to permit plaintiff a chance to demonstrate (1) why such a claim is not barred by the three-year statute of limitations for § 1983 claims, and (2) provide sufficient factual support, (3) identify the specific defendants against whom he wishes to bring the claim, and (4) set forth whether he believes defendants were acting pursuant to an official municipal policy and identify such policy.

As this Court must provide special solicitude to pro se plaintiffs, Triestman, 470 F.3d at 475, and in light of the directive that caution should be exercised in ordering sua sponte dismissal of a pro se complaint before the adverse party has been served and the parties have had an opportunity to address the sufficiency of plaintiff's allegations,

Anderson v. Coughlin, 700 F.2d 37, 41 (2d Cir. 1983), it is recommended that plaintiff be provided one opportunity to amend his complaint.

h. **Criminal Claims**

Plaintiff's complaint makes unexplained references to racketeering, corruption, conspiracy, human trafficking,[20] money laundering, forgery, and houses ransacked, broken into, stolen paper trail." Dkt. No. 1-2 at 13, 18-19.  To the extent plaintiff seeks to proceed with criminal claims against any defendants, such claims must fail.  Plaintiff lacks standing to initiate a criminal proceeding against any party.  See Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.").  This Court "does not have the authority or jurisdiction to . . . seek the criminal prosecution of individuals at the request of a plaintiff," Walker, 2021 WL 3518439, or "impose civil penalties for alleged criminal acts of which a defendant has not been convicted, commence a criminal prosecution, compel a law enforcement agency to investigate suspected criminal activity, nor compel a prosecutor to prosecute."  Eggsware v. Doe, 1:22-CV-54 (BKS/CFH), 2022 WL 827640, at *5 (N.D.N.Y. Feb. 7, 2022) report recommendation adopted by Eggsware v. Doe, 2022 WL 823646 (N.D.N.Y. Mar. 18, 2022).  Thus, to the extent plaintiff wishes to proceed on criminal claims, it is recommended that such claims be dismissed with prejudice and without opportunity to amend for failure to state a claim upon which relief can be granted.  See 28 U.S.C. § 1915(e)(2)(B)(i).

---

[20]   Plaintiff states "human traffick[,]" but the Court believes that plaintiff means human trafficking.  Dkt. No. 1-2 at 19.

### i. **Breach of Contract**

Plaintiff also includes in his complaint the phrases "contempt of court" and "breech [sic] of contract" but fails to explain (1) how "contempt of court" – which only a judge can impose – applies, who he seeks to hold in contempt of court, and why; and (2) the defendants involved in the alleged breach of contract, the terms of the alleged contract, and how and when defendants allegedly breached the alleged contract.    As plaintiff has provided no factual or contextual support for his breach of contract claim, it must be dismissed with prejudice.  Further, plaintiff must also demonstrate how a breach of contract claim arises from the same facts and circumstances such that it should be considered as part of the same lawsuit.  See FED. R. CIV. P. 20.

### j. **Official Capacity Claims**

Plaintiff does not specify whether he intends to bring his claims against Judge Colleen Brown, United States Trustee, and Vermont Attorney General in their personal capacities or official capacities.  Section 1983 does not authorize suits against state officials in their official capacities.  he Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. Regardless of the nature of the relief sought, in the absence of the State's consent or waiver of immunity, a suit against the State or one of its agencies or departments is proscribed by the Eleventh Amendment.  Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984).  "New York State has not consented to suit in federal court."

Abrahams v. Appellate Div. of Supreme Court, 473 F.Supp.2d 550, 556 (S.D.N.Y. 2007)

(citing Trotman v. Palisades Interstate Park Comm'n, 557 F.2d 35, 38-40 (2d. Cir.

1977).  Section 1983 claims do not abrogate the Eleventh Amendment immunity of the

states. See Quern v. Jordan, 440 U.S. 332, 340-41 (1979). "[C]laims against a

government employee in his official capacity are treated as claims against the

municipality," and, thus, cannot stand under the Eleventh Amendment.  Hines v. City of

Albany, 542 F.Supp. 2d 218 (N.D.N.Y.2008)  Accordingly, it is recommended that, to

the extent it can be interpreted that any claims are sought for monetary damages

against the individual defendants in their official capacities, such claims be dismissed

with prejudice, and that any future claims may be brought against such defendants only

in their personal capacities.

### k.  Opportunity to Amend

Plaintiff is advised that, should the District Judge permit him to file an amended

complaint, the amended complaint must set forth a short and plain statement of the

claim and the facts he relies on in support of his claims.  He must specify how each

individual named as a defendant in that pleading engaged in acts of misconduct or

wrongdoing which violated laws or constitutional rights.  An amended complaint may

only replead claims that were dismissed by this Court without prejudice.  Any amended

complaint will replace and supersede the complaint in its entirety and, thus, must be a

complete pleading containing all of the facts, allegations, parties, and legal claims that

plaintiff wishes to include, except for any that have been dismissed by this Court with

prejudice.  See Arce v. Walker, 139 F.3d 329, 332 n.4 (2d Cir. 1998) ("It is well

established that an amended complaint ordinarily supersedes the original and renders it of no legal effect.").

### III. Conclusion

**WHEREFORE**, for the reasons set forth herein, it is hereby

**ORDERED**, that plaintiff's application for leave to proceed in forma pauperis, Dkt. No. 1-1 (5:22-CV-161), is **GRANTED** for purposes of filing; and it is

(1) **RECOMMENDED**, that plaintiff's complaint, Dkt. No. 1-2 (5:22-CV-161), be **DISMISSED** as follows:

> (a) plaintiff's claims, insofar as they attempt to proceed on any criminal claims be **DISMISSED WITH PREJUDICE**; and it is

> (b) any potential section 1983 claims against defendants Judge Colleen Brown, United States Trustee, and Vermont Attorney General in their official capacities which seek monetary damages be **DISMISSED WITH PREJUDICE**;

> (c) plaintiff's "contempt of court" claims be **DISMISSED WITH PREJUDICE**;

> (d) plaintiff's claim for legal malpractice against Judge Collen Brown be **DISMISSED WITH PREJUDICE**;

> (e) plaintiff's attempt to appeal or otherwise seek review of the outcome of his 2009 bankruptcy proceeding be **DISMISSED WITHOUT PREJUDICE and WITHOUT OPPORTUNITY TO AMEND**;

(f) that the remainder of plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE and WITH OPPORTUNITY TO AMEND**; and it is further

(4) **RECOMMENDED**, that if the District Judge adopt this Report-Recommendation & Order, plaintiff be given thirty (30) days from the filing date of the Order adopting the Report-Recommendation & Order to file an amended complaint, and if plaintiff does not file an amended complaint within that time frame, the case be closed without further order of the Court; and it is further

(5) **RECOMMENDED**, that: (a) this matter (5:22-CV-161 "Lamothe I") be **CONSOLIDATED** with 5:22-CV-162 ("Lamothe II"), 5:22-CV-163 ("Lamothe III"), and 5:22-CV-164 ("Lamothe IV"), with the lead case being 5:22-CV-161, and the member cases being 22-CV-162, 5:22-CV-163, and 5:22-CV-164, and, (b) if consolidation is granted, that this Report-Recommendation & Order be docketed and served in all cases, with future filings to be docketed in only the lead case; and it is

**ORDERED**, that the Clerk of the Court serve this Report-Recommendation & Order on plaintiff in accordance with Local Rules.

Pursuant to 28 U.S.C. § 636(b)(1), plaintiff has **FOURTEEN (14) days** within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.  See Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993) (citing Small v. Sec'y of Health and Human Servs., 892 F.2d 15 (2d Cir. 1989)); see also 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).[21]

---

[21]  If you are proceeding pro se and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the Order was mailed to you to serve and file objections.  See FED. R. CIV. P. 6(d). If the last day of that prescribed

Christian F. Hummel
U.S. Magistrate Judge

Dated: January 19, 2023
Albany, New York

---

period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. See id. § 6(a)(1)(C).