U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED
2023 MAY 24 PM 4:28
CLERK
BY FH
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| JEFFREY LAMOTHE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 5:22-cv-161 |
| ) | |
| COLLEEN BROWN, ) | |
| ) | |
| Defendant. ) | |

### ORDER

Plaintiff Jeffrey P. Lamothe has recently filed twelve (12) lawsuits against state and federal courts, judges, and lawyers involved in his 2009 bankruptcy proceeding in the District of Vermont. Because Mr. Lamothe has named former District of Vermont bankruptcy judge Colleen Brown and present bankruptcy judge Heather Cooper as well as the bankruptcy court and the U.S. Trustee as defendants, these cases have been referred to judges in the Northern District of New York.[1] Judge Mordue graciously agreed to serve until his death; Judges McAvoy and Hummel have taken the cases in his place.

---

[1] The original bankruptcy filing carried docket no. 09-10014.

In 2022, Mr. Lamothe started to file civil lawsuits concerning his bankruptcy. These include: *Lamothe v. Brown*, 5:22-cv-161; *Lamothe v. Bankruptcy Court*, 5:22-cv-162; *Lamothe v. Bankruptcy Court U.S. Trustee,* 5:22-cv-163; *Lamothe v. Cooper*, 5:22-cv-164; *Lamothe v. Federal Court Clerk*, 2:22-cv-220; *Lamothe v. Federal Court Clerks*, 2:23-cv-28; *Lamothe v. Rutland Sheriff Department*, 2:23-cv-29; *Lamothe v. Rutland Sheriff Department*, 2:23-cv-30; *Lamothe v. Rutland Superior Court Clerks*, 2:23-cv-31; *Lamothe v. Rutland City Hall Social Security*, 2:23-cv-32; *Lamothe v. Federal Court Clerks of Vermont*, 2:23-cv-33; *Lamothe v. Federal Court Clerks*, 2:23-cv-40.

In addition, Mr. Lamothe has filed a lawsuit concerning a claim of wrongful eviction, *Lamothe v. Steinert*, 2:23-cv-54, and a motor vehicle accident, *Lamothe v. Gullas*, 2:23-cv-55.

In August 2022, Mr. Lamothe filed four essentially identical actions. *Lamothe v. Brown*, 5:22-cv-161 (D. Vt. Aug. 31, 2022); *Lamothe v. Bankruptcy Court*, 5:22-cv-162 (D. Vt. Aug. 31, 2022); *Lamothe v. Bankruptcy Court*, 5:22-cv-163 (D. Vt. Aug. 31, 2022); *Lamothe v. Cooper*, 5:22-cv-164 (D. Vt. Aug. 31, 2022). In a May 8, 2023, Decision & Order, these actions were dismissed in part following review of the substance of the complaints in accordance with 28 U.S.C. § 1915(e). *Lamothe v. Brown*, 5:22-cv-161 (Doc. 13) (D. Vt. May 8, 2023).

In December 2022, he filed another case. *Lamothe v. Federal Court Clerk*, 2:22-cv-220 (D. Vt. Dec. 7, 2022). Also on May 8, 2023, the Complaint in this action was dismissed without prejudice and with leave to amend in light of Mr. Lamothe's self-represented status. *Id.* (Doc. 8) (D. Vt. May 8, 2023). In both decisions, Judge McAvoy noted that Mr. Lamothe "has filed a number of cases in the District of Vermont that are . . . almost completely indecipherable, unsupported by any cognizable legal theory, and aimed at parties not amenable to suit." *Lamothe v. Brown*, 5:22-cv-161 (Doc. 13 at 7) (D. Vt. May 8, 2023); *Lamothe v. Federal Court Clerk*, 2:22-cv-220 (Doc. 8 at 4) (D. Vt. May 8, 2023). Judge McAvoy warned Mr. Lamothe that, in light of his filing of groundless lawsuits, future frivolous filings in the District of Vermont may result in a filing injunction.

This year, Mr. Lamothe has filed nine more cases. *Lamothe v. Federal Court Clerks*, 2:23-cv-28 (D. Vt. Jan 27, 2023); *Lamothe v. Rutland Sheriffs Department*, 2:23-cv-29 (D. Vt. Jan. 27, 2023); *Lamothe v. Rutland Sheriffs Department*, 2:23-cv-30 (D. Vt. Jan. 27, 2023); *Lamothe v. Rutland Superior Court Clerks*, 2:23-cv-31 (D. Vt. Jan. 27, 2023); *Lamothe v. Rutland City Hall Social Security*, 2:23-cv-32 (D. Vt. Jan. 27, 2023); *Lamothe v. Federal Court Clerks of Vermont*, 2:23-cv-33 (D. Vt. Jan. 27, 2023); *Lamothe v. Federal Court Clerks*, 2:23-cv-40 (D. Vt. Feb. 17. 2023); *Lamothe v. Steinert*, 2:23-cv-54 (Mar. 9, 2023); *Lamothe v. Gallus*,

2:23-cv-55 (D. Vt. Mar. 16, 2023). As with the lawsuits filed in 2022, there appears to be no merit to any of the lawsuits concerning Mr. Lamothe's bankruptcy. (The two most recent cases relate not to the bankruptcy but to an auto accident (*Gallus*) and to a rental dispute. (*Steinert*)).

District courts have the power and the obligation to protect the public and the efficient administration of justice from individuals who have a history of litigation entailing vexation, harassment and needless expense to [other parties] and an unnecessary burden on the courts and their supporting personnel." *Lau v. Meddaugh*, 229 F.3d 121, 123 (2d Cir. 2000) (internal quotation marks omitted); *Safir v. U.S. Lines, Inc.*, 792 F.2d 19, 23 (2d Cir. 1986) ("A district court not only may but should protect its ability to carry out its constitutional functions against the threat of onerous, multiplicitous, and baseless litigation.") (internal quotation marks omitted). Thus, the court may prohibit an individual from filing new actions in the venue when he or she "abuse[s] the process of the [c]ourts to harass and annoy others with meritless, frivolous, vexatious[,] or repetitive [filings.]" *In re Hartford Textile Corp.*, 659 F.2d 299, 305 (2d Cir. 1981).

An order restricting Mr. Lamothe's access to the federal court should be no broader than necessary. For this reason, the court advises Mr. Lamothe that it is contemplating entering an order that would restrict his ability to file additional lawsuits. The order would provide for an early review of any filing by the chief judge of the District of Vermont. A filing that repeats the claims, or contains similar allegations, against the court and its personnel (or related parties such as the U.S. Trustee or the Rutland County Sheriff) would be rejected for filing and returned to Mr. Lamothe.

The court, however, "may not impose a filing injunction on a litigant ... without providing [that] litigant with notice and an opportunity to be heard." *Moates v. Barkley*, 147

F.3d 207, 208 (2d Cir. 1998). Before entering such an order, Mr. Lamothe should be permitted to explain why an order limiting his ability to file lawsuits is not appropriate. For this reason, the court will set a hearing at the federal courthouse in Rutland, Vermont to provide Mr. Lamothe with an opportunity to explain his position concerning the filing of additional lawsuits in the future and his access to the federal court. The hearing is scheduled for Wednesday, June 7, 2023, at 3:00 p.m.

      Dated at Rutland, in the District of Vermont, this 24th day of May, 2023.

                                            Geoffrey W. Crawford, Chief Judge
                                            United States District Court