UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

**2023 JUN 16  AM 10: 44**

CLERK

BY _____
DEPUTY CLERK

JEFFREY LAMOTHE,                    )
                                    )
        Plaintiff,                  )
                                    )
        v.                          )        Case No. 5:22-cv-161
                                    )
COLLEEN BROWN,                      )
                                    )
        Defendant.                  )

## OPINION AND ORDER ENTERING A FILING INJUNCTION

Plaintiff Jeffrey P. Lamothe, a New York resident representing himself, filed twelve (12)

lawsuits against state and federal courts, judges, and lawyers involved in his 2009 bankruptcy

proceeding[1] in the District of Vermont.[2]  Because there appeared to be no merit to any of the lawsuits

arising out of Mr. Lamothe's bankruptcy, the court issued an Order on May 24, 2023, explaining it was

"contemplating entering an order that would restrict his ability to file additional lawsuits." (Doc. 14 at

3.)  The court issued a Notice of Hearing informing Plaintiff that a hearing on the matter would be held

June 7, 2023. (Doc. 15.)  Plaintiff did not appear for the hearing or otherwise respond to the Order.

---

[1] The original bankruptcy filing carried docket no. 09-10014.

In 2022, Mr. Lamothe started to file civil lawsuits concerning his bankruptcy. These include: *Lamothe v. Brown*, 5:22-cv-161; *Lamothe v. Bankruptcy Court*, 5:22-cv-162; *Lamothe v. Bankruptcy Court U.S. Trustee*, 5:22-cv-163; *Lamothe v. Cooper*, 5:22-cv-164;  *Lamothe v. Federal Court Clerk*, 2:22-cv-220; *Lamothe v. Federal Court Clerks*, 2:23-cv-28;  *Lamothe v. Rutland Sheriffs Department*, 2:23-cv-29;  *Lamothe v. Rutland Sheriffs Department*, 2:23-cv-30; *Lamothe v. Rutland Superior Court Clerks*, 2:23-cv-31; *Lamothe v. Rutland City Hall Social Security*, 2:23-cv-32; *Lamothe v. Federal Court Clerks of Vermont*, 2:23-cv-33; *Lamothe v. Federal Court Clerks*, 2:23-cv-40.

[2] Because Mr. Lamothe named former District of Vermont bankruptcy judge Colleen Brown and present bankruptcy judge Heather Cooper as well as the bankruptcy court and the U.S. Trustee as defendants, these cases were referred to judges in the Northern District of New York. The court appreciates the generosity of these judges and court staff in the Northern District in taking on this additional work.

In the face of repetitive and groundless filings, "[a] district court not only may but should protect its ability to carry out its constitutional functions." *Safir v. United States Lines Inc.*, 792 F.2d 19, 23 (2d Cir. 1986) (cleaned up). District courts have "the power and the obligation to protect the public and the efficient administration of justice from individuals who have a history of litigation entailing . . . an unnecessary burden on the courts and their supporting personnel." *Lau v. Meddaugh*, 229 F.3d 121, 123 (2d Cir. 2000) (internal quotation marks omitted). Such lawsuits demand substantial judicial resources despite the lack of merit. For this reason, courts may prohibit an individual from filing new actions in the venue when he or she "abuse[s] the process of the [c]ourts . . . with meritless, frivolous, vexatious or repetitive [filings]." *In re Hartford Textile Corp.*, 659 F.2d 299, 305 (2d Cir. 1981); *see also* 28 U.S.C. 1651(a) (granting federal courts the authority to limit access to the courts by vexatious and repetitive litigants). The court, however, "may not impose a filing injunction on a litigant *sua sponte* without providing [that] litigant with notice and an opportunity to be heard." *Moates v. Barkley*, 147 F.3d 207, 208 (2d Cir. 1998).

The Second Circuit has instructed district courts to consider the following factors in deciding whether to enjoin the filing of future lawsuits:

> (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.

*Safir*, 792 F.2d at 24.

In this case, Mr. Lamothe was permitted to explain to the court why a filing injunction providing for an early review by the chief judge of the District of Vermont is not appropriate and did not avail himself of the opportunity. The court dismissed all five of the bankruptcy cases filed in 2022 with prejudice in part and without prejudice in part and closed the cases, which were consolidated

2

under Case No. 5:22-cv-161, for failure to file an amended pleading. The cases filed in 2023 remain under review. In addition to the twelve actions regarding his bankruptcy, Mr. Lamothe has filed lawsuits concerning a claim of wrongful eviction, *Lamothe v. Steinert*, 2:23-cv-54, and a motor vehicle accident, *Lamothe v. Gullas*, 2:23-cv-55, as well as two arising out of a dismissed state court action, *Lamothe v. Wright*, 2:23-cv-94, and *Lamothe v. Shafritz*, 2:23-cv-95. These actions are largely repetitive and appear not to have merit. Although Mr. Lamothe is representing himself, and does not have the benefit of counsel, his suits are causing a burden on both the District of Vermont and Northern District of New York.

In view of the foregoing, the court will restrict Mr. Lamothe's ability to file new actions. Any new case filed by Mr. Lamothe in this court will be reviewed by the chief judge of the District of Vermont. If Mr. Lamothe wishes to commence a new federal lawsuit in this court in the future, he must file a motion for leave to file with his complaint.

A filing that repeats the claims, or contains similar allegations, against the court and its personnel (or related parties such as the U.S. Trustee or the Rutland County Sheriff), or is otherwise clearly without merit, will be rejected for filing. If filing is denied, it will be docketed as a closed miscellaneous case.

For the reasons set forth above, Mr. Lamothe is hereby ENJOINED from filing any new actions in this court without obtaining prior leave by motion from the chief judge.

SO ORDERED.

Dated at Burlington, in the District of Vermont, this 16th day of June, 2023.

Geoffrey W. Crawford, Chief Judge
United States District Court